THE CITY OF HOBOKEN v. FRANCIS L. LAVERTY.

Assignments of errors which are directed to supposed erroneous rulings of a referee, to whom the Circuit Court had referred the cause, with the consent of the parties, point to no errors that are reviewable by writ of error. They tend to embarrassment and delay and should be struck out as frivolous.

On error to Hudson Circuit.

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the plaintiff in error, *James F. Minturn.*

For the defendant in error, *William S. Stuhr.*

The opinion of the court was delivered by

MAGIE, J. The record returned with this writ of error shows that the issue made by the pleadings was referred, with the consent of the parties, to a referee; that his report was in

favor of the plaintiff below and that his report was duly confirmed and judgment entered thereon.

Two assignments of error were filed, both of which are special, and point to supposed errors of law committed by the referee. There is no general assignment.

Motion is made to strike out the assignment of errors as frivolous.

It was held in this court that the report of a referee, to whom a cause was referred by consent of parties, would be controlled by the court in which the cause was pending as the verdict of a jury would be. *Excelsior C. L. Co.* v. *Potts,* 7 *Vroom* 301.

Thereafter the rule, now rule 84, was adopted which required an order of reference, either in this court or in the Circuit, to state whether the award is to have the effect of a finding of arbitrators or merely the force of a verdict, and declared that in the absence of such a statement the award is to be treated as a verdict. There was no such statement in the order of reference in this case.

It is entirely settled that a report made upon such an order of reference can only be objected to by opposition to its confirmation or by motion to set it aside, and that the rulings of the court thereon are not open to exception nor subject to be reviewed by writ of error. *Beattie* v. *David,* 11 *Vroom* 102; *Runyon* v. *Hodges,* 17 *Id.* 359; *Children's Home Association* v. *Hall,* 18 *Id.* 152; *Clayton* v. *Levy,* 20 *Id.* 577. *A fortiori* there can be no review by writ of error of the referee's rulings.

It is proper to add that the referee's report and the evidence taken before him are no part of the record. Even if they could be brought here by *certiorari* as outbranches of the record, it would not avail plaintiff in error, because not open to review on the doctrine settled in the cases above cited.

It therefore appears that the assignments point to no error which can be considered by this court, and their presence tends only to embarrassment and delay.

The motion to strike out will be granted, with costs.