THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR, v. JOSEPH ENGLISH COMPANY, DEFENDANT IN ERROR.

Submitted July 6, 1911—Decided November 13, 1911.

1. The report of a referee to whom a cause has been referred, and the depositions and evidence taken before such referee form no part of the record upon which error can be assigned.

2. It seems that a demurrer lies at common law to an assignment of error, but in the case *sub judice,* it is unnecessary to determine whether this procedure has been recognized in New Jersey, for it may be treated as a motion to strike out the assignment as frivolous.

---

On demurrer to assignment of error.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiff in error, *Frederic B. Scott.*

For the defendant in error, *Michael Dunn.*

The opinion of the court was delivered by

VOORHEES, J.   While this action was pending in the Passaic Circuit Court, and after issue joined, the attorney of the plaintiff in error applied for a reference, and the cause was accordingly referred.   The referee made his report, which was duly confirmed and judgment ordered to be entered thereon in favor of the plaintiff, for the sum of $398.25.

After the entry of judgment, the plaintiff issued his writ of error, and has assigned error in common form upon the record, alleging that "it is manifest that the judgment is based upon the report by the referee, which report on its face, and by its terms, wherein an allowance is made to the said defendant below of a credit for all the days charged in the plaintiff's declaration, except as otherwise stated in said report, because of a custom understood and accepted by the plaintiff below, is in contravention of the federal statute entitled 'An act to regulate commerce,' and the acts amendatory thereof to remove the matters of demurrage charges from and out of the scope and realm of custom and private agreements."

To the assignment of error thus made, the defendant has demurred—*first,* because the report is no part of the record and error cannot be assigned on any statements therein; *second,* that the rulings of the court in giving judgment upon the said report of the referee are not open to exception on error; *third,* that no error can be assigned upon the rulings of the referee in making allowances of credit as being manifest upon the face, and by the terms of the said report of said referee; *fourth,* that the judgment cannot be reviewed on the writ of error and no error can be assigned; *fifth,* that they are frivolous.

The principal question thus brought under review is what constitutes a record and whether the report of the referee is part of that record. In *Clifford* v. *Hudson Oyer,* 32 *Vroom* 493, Mr. Justice Garrison says: "The record of a court contains only those things that are essential to the validity of the proceeding, such as the nature of the issue, the presence of a judge, and in respect to the jury, that it was of the proper number of proper men, properly qualified and returned by the proper officer—a *venire* at common law. From this point down to the return of the verdict the record is silent. The occurrences of this interval appertain to the conduct of the trial by the court, and of these the record does not speak; they are made to appear by methods provided for that purpose at common law and by statute. Hence, all objections to the array that have not been pleaded, all inquiry into the way in which it was selected, all exceptions to the panel, all challenges to individual jurors, all questions touching the service of the list, as well as all other similar matters, form no part of the record, and would be no part of it even if inserted by the clerk from his minutes of the trial. The history of the trial in these respects could, at common law, be certified only by a bill of exceptions sealed by the trial court, which is still the rule save as the mode of certification has been modified by the legislature. This rule of practice is illustrated in the case of *Peak* v. *State,* 21 *Vroom* 179, and in *Moschell* v. *State,* 24 *Id.* 498, where a criminal cause was tried by a struck jury."

In *Hoboken* v. *Laverty,* 31 *Vroom* 86, there were two assignments of error, both of which were special and pointed to supposed errors of law, committed by the referee. It was stated there that before the adoption of rule 84, the court would control the report as the verdict of a jury, but that since the rule, in the absence of a stipulation to the contrary, the report would be treated as a verdict, and that a report could be objected to, only by opposition at its confirmation or by motion to set it aside, and that the rulings are not open to exception nor subject to review by writ of error. The court adds, "the referee's report, and the evidence taken before him, are no part of the record."

The Practice act, section 155, under which references are made, provides that "the report shall be final between the parties and judgment may be entered thereon."

Now, a judgment is entered on a verdict, but the evidence before the jury is no part of the record, unless a bill of exceptions be asked for and sealed. So, the referee's report, having been filed, judgment is entered upon it, but what occurred before the referee, or how the amount was arrived at, becomes no part of the record.

The statute further provides that at the time of such reference, either party may reserve his right to trial by jury and may demand such trial, and on such trial, the report shall be *prima facie* evidence of the facts therein found and reported, and the report may be excepted to and no other exceptions shall be considered on the trial.

An entry of judgment on a *postea,* containing a finding on a report, cannot be opposed, because the referee erred in the legal principles adopted by him in his finding. *Clayton* v. *Levy,* 20 *Vroom* 577; *Runyon* v. *Hodges,* 17 *Id.* 359; *Harper Machine Co.* v. *Sinclair,* 47 *Id.* 100. In *Children's Home* v. *Hall,* 18 *Id.* 152, Mr. Justice Van Syckel made the same ruling. Nor is a party thus deprived of any substantial right to which he is entitled under the constitution.

The Court of Errors and Appeals, in *Newark Passenger Railway Co.* v. *Kelly,* 28 *Vroom* 655, 676, in reviewing the question as to whether a trial by a Circuit judge in certain cases deprived the party of his rights, said: "He may, therefore, consent to a mode of trial which may deprive him of an opportunity to except, or have a review of such exceptions, otherwise than by rule to show cause which the act of 1893 provides for."

The report and the depositions and evidence taken before the referee form no part of the record upon which error can be assigned.

Moreover, if the law were otherwise, we would be precluded in this case from considering the error assigned, because the report has not been brought here, and therefore is not before us.

It seems that a demurrer lies at common law, to an assignment of error. See *Tidd* 1173, where it is said, "to an assignment of errors the defendant may plead or demur." *Corbin's Court Rules* (*ed.* 1906) 42; 2 *Cyc.* 1007, 1009. But it is unnecessary to determine whether this procedure has been recognized in New Jersey.

The case may be treated as a motion to strike out the assignment as frivolous, and tending only to embarrass and delay the judgment creditor. *Donnelly* v. *State,* 2 *Dutcher* 481; *Hoboken* v. *Laverty, supra; Ruckman* v. *Demarest,* 3 *Vroom* 528, where the court, upon its own motion, ordered such an assignment stricken out.

An order may be entered striking out the assignment of error, with costs.