THE STATE ex rel. GRAY, Supervisor of Building & Loan Associations, v. PHOENIX LOAN ASSOCIATION et al., Appellants.

In Banc, December 18, 1900.

1. **Appointment of a Receiver in Vacation:** BUILDING AND LOAN ASSOCIATION. In an appeal from an order refusing to set aside an order appointing a receiver of a building and loan association in vacation, whether or not the judge had authority to direct the receivers to wind up the affairs of the association, can not be considered. The judge had authority to appoint receivers in vacation to take charge of, collect and preserve the estate, and if he had no jurisdiction to go beyond that, anything done by the receivers under that order beyond the extent of his jurisdiction would be invalid and could be so declared on final decree.

2. ———: ———: PETITION: CAUSE OF ACTION: ANSWER. Where the petition, signed by the Supervisor of Building and Loan Associations alone, contains averments that indicate an unsafe business, that the association has been conducting its business in a manner which, when viewed in the light of recent decisions of the appellate courts, destroys public confidence in it and jeopardizes the rights of stockholders, that many of them had filed their stock for withdrawal and if permitted to do so at the then book value it would so cripple the association that other stockholders would not get the same proportion for their stock, and the answer of the corporation accompanies such petition admitting its averments, it will be held, in an appeal from an order refusing to set aside an interlocutory decree, that the petition states a cause authorizing the appointment of a receiver, under the statute empowering the judge to appoint a receiver in vacation whenever he shall deem it necessary. But whether or not it will be held to state a cause of action on final decree, is not decided.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*Crow & Eastin* and *Vinton Pike* for appellants.

(1) The judge had no jurisdiction to make the decree of July 15, 1899, in vacation. Constitution, art. 6, sec. 1; Cooley, Const. Lim. (6 Ed.), 107; Risser v. Hoyt, 53 Mich. 185; Gaugh v. Dorsey, 27 Wis. 131; Van Slyke v. Ins. Co., 39 Wis. 391; Shoultz v. McPheeters, 79 Ind. 376; Chandler v. Nash, 5 Mich. 409. (2) The statute invoked is unconstitutional. Const., art. 2, secs. 28 and 30; Turnpike Co. v. Parks, 50 Ohio St. 569; Relfe v. Rundle, 103 U. S. 222; Parsons v. Ins. Co., 31 Fed. Rep. 309; State v. Greer, 78 Mo. 188. (3) Sections 1392-3 do not authorize the appointment of receivers in the suit of the State against the corporation alone. State Inv. & Ins. Co. v. Sup. Ct., 101

Cal. 135; Bank v. Sup. Ct., 103 Cal. 27; Long v. Sup. Ct., 102 Cal. 449; Folger v. Ins. Co., 99 Mass. 276; Shriver v. Lynn, 2 How. 60; Wachter v. Powell, 6 Wheat. 119; People v. Weigley, 155 Ill. 506; Hammock v. Trust Co., 105 U. S. 77; Murray v. Surety Co., 59 Fed. Rep. 545; 61 Fed. Rep. 273; Windsor v. McVeigh, 93 U. S. 282. (4) The judge was exercising a special statutory power, which must be strictly construed. Galpin v. Page, 18 Wall. 371; Railroad v. Campbell, 62 Mo. 585; Cooley, Const. Lim. (6 Ed.), 500; Murray v. Surety Co., 70 Fed. Rep. 341. (5) On dissolution of a corporation the assets go to the directors as trustees for creditors and shareholders. R. S. 1889, sec. 2513; Powell v. Railroad, 42 Mo. 63; McCoy v. Farmer, 65 Mo. 244; Bacon v. Robertson, 18 How. 482; Havemeyer v. Sup. Ct., 84 Cal. 365; People v. O'Brien, 111 N. Y. 57; Olmstead v. Distilling Co., 73 Fed. Rep. 46. (6) This is so whether the dissolution is voluntary or involuntary. Havemeyer Case, 84 Cal. 370; Bacon v. Robertson, 18 How. 487. (7) In suits to wind up corporations, shareholders are necessary parties. Davis v. Peabody, 170 Mass. 397; Styles v. Laurens, 32 S. E. 227; Brown v. Mesnard Min. Co., 105 Mich. 635. (8) The record on its face shows that the proceeding was collusive, and for that reason should be reversed. Walleis v. M. & T. Co., 50 Fed. Rep. 316; Kellar v. Williams, 3 Rob. (La.) 321; Sage v. Railroad, 18 Fed. Rep. 571; Railroad v. Gay, 26 S. W. 614.

*O. M. Spencer, Huston & Brewster* and *B. J. Woodson* for respondents.

(1) The court had clear authority to make the decree of dissolution and to appoint liquidators or receivers under the Constitution and laws of this State. R. S. 1889, sec.

1392.   Substantially the same law is in force as to banks and trust companies.   Laws 1897, secs. 2 and 3, p. 84; R. S. 1899, sec. 1305; Laws 1895, sec. 1, p. 28; Laws 1897, p. 91. (2) The only necessary or proper party defendant to this proceeding was the corporation.   Statutes, *supra*; Ward v. Farwell, 97 Ill. 593; Bates v. Railroad, 134 Ill. 549; Ins. Co. v. Swigert, 135 Ill. 160; 3 Thompson Com. on Cor., sec. 3499; West Co. v. McKay, 80 Ill. App. 529; Hawkins v. Glenn, 131 U. S. 319; Glenn v. Liggett, 135 U. S. 533; Great Wes. Tel. Co. v. Guy, 122 Ill. 630; Whittlesey v. Frantz, 74 N. Y. 456.   Our statute authorizes the supervisor in one proceeding and as a part thereof to compass the dissolution of the association and the winding up of its affairs. Gill v. Balis, 72 Mo. 424; Alexander v. Relfe, 74 Mo. 495; Walker v. Flitcraft, 36 S. W. 675; Neun v. B. & L. Co., 149 Mo. 74; Relfe v. Ins. Co., 5 Mo. App. 173; Relfe v. Spear, 6 Mo. App. 129.   (3) The petition by the supervisor was sufficient, especially when the answer admitted the truth of the statutory allegations and itself asked for the appointment of a receiver to wind up its affairs.   Ins. Co. v. Swigert, 135 Ill. 150; Thompson v. Greeley, 107 Mo. 577; Gill v. Balis, 72 Mo. 424; Relfe v. Ins. Co., 5 Mo. App. 173; Relfe v. Spear, 6 Mo. App. 129.   (4) When the legislature authorizes the exercise of the judicial functions and the judicial officer is present at the time and place authorized by law and assumes to exercise the judicial functions, then such acts are the acts of the court.   State v. Myers, 44 Iowa 580; McLane v. Groyer, 74 Iowa 152; Livingstone v. Webster, 26 Fla. 325; Ins. Co. v. Johnson, 46 Ind. 320; Brewster v. Hartley, 37 Cal. 15; Stewart v. Mahoney, 54 Cal. 149; Williams v. Judge, 45 La. 1295; Myer v. Warner, 3 Oregon 212; L'Engle v. L'Engle, 19 Fla. 499; Pease v. Wagner, 20 S. E. 637; King v. McClurg, 7 S. Dak. 67; 63 N. W.

219; Van Schmidt v. Widden, 99 Cal. 511; Keith v. Kellogg, 97 Ill. 147; Schmitz v. McFeeter, 79 Ind. 376.

VALLIANT, J.—This is a suit instituted by the Supervisor of Building and Loan Associations looking to the dissolution and winding up of the defendant corporation. Appellants are stockholders in the concern who were made parties defendants on their own petition. The cause is here on appeal from an order refusing to revoke an order appointing receivers of the affairs of the corporation. Only so much of the controversy, therefore, as is involved in that order is before us for review.

The petition was filed in the office of the clerk of the circuit court of Buchanan county during the vacation of the court on July 15, 1899; it was signed by the Supervisor of Building & Loan Associations in person without the appearance of the Attorney-General. It stated in substance that the relator had made official examination into and was acquainted with the affairs of the corporation and that owing to adverse rulings of the appellate courts of this State the confidence of the public in the association had been shaken to such an extent that it was impossible for the officers to secure any new business or find new investors in the association, and that it could not continue business with a profit to those who had already invested in it or with the hope of collecting premiums on loans made, and if they could not be collected the concern was insolvent; that a large number of shareholders had filed their stock for withdrawal, and if permitted to withdraw at the then book value of the stock, it would so cripple the association that the other shareholders would not get the same proportion for their stock. Wherefore the relator stated that it was unsafe and inexpedient for the association to continue to transact business. The prayer

of the petition was for a dissolution of the corporation, appointment of a receiver to take charge of its property and affairs and wind up its business, and for an injunction, etc.

At the same time the petition was filed, an answer for the corporation was also filed admitting the truth of the statements of the petition and joining in the request that a receiver be appointed to wind up its affairs.

And on the same day the petition and answer were presented to one of the judges of that court in chambers, who thereupon made an order in writing signed by him as such judge, purporting to dissolve the corporation and enjoin its officers and agents from conducting its business and appointed two "receivers to take charge of the property and assets and to wind up the affairs of said association according to law and as this court may from time to time order." The order required the receivers to execute bond for the faithful performance of their duties, gave direction to them to select a bank of deposit, to make an inventory of the assets, appointed appraisers, ordered the board of directors to execute deeds conveying the property of the corporation outside of Missouri to the receivers, ordered the receivers to employ a certain attorney as their attorney and counsellor in all matters connected with the management and winding up of the business and such clerical assistance as might be necessary.

Afterwards, in September following, several stockholders filed their petition in the case, showing the interest they had in the matter and praying to be made parties to the suit. The petition was elaborate in its statements showing mismanagement on the part of the officers of the corporation, and averring that the suit was brought not in the interest of the stockholders, but by collusion between the relator and the guilty officers to aid them in covering up their misdeeds and enable them to profit in the fees and salaries incident to

the winding up of the affairs of the corporation through the receivers and attorney named in the order and who it was alleged in the petition were nominated by them.    Special objections were urged against the attorney and one of the receivers named in the order, and their removal was asked. In the limited scope of our inquiry on this appeal it will not be necessary to review in detail the contents of that petition. Upon its presentation the judge who had made the order of July 15th, ordered that the petitioners be made parties defendants and that so much of the previous order as required the receivers to employ the attorney named be rescinded and they be free to select whomsoever they might for their attorney.    The application for the removal of the receiver, against whom special objections were urged, was overruled.    Shortly afterwards that receiver resigned and another was appointed in his place.    The estate was inventoried by the receivers at $500,000, and appraised by the appraisers at $400,000.

The record shows that these stockholders have been waging a spirited contest to wrest the affairs of the corporation from the custody of the receiver from the date last named to the present time.    The merits of the several issues passed upon by the court in that contest, though discussed in the briefs of counsel, are not within the range of our present inquiry.    There has never been any final decree in the case, unless the order of the judge in vacation of July 15, 1899, above mentioned, is to be deemed such.    Yet the receivers appointed have gone on with the administration of the estate, collecting and compromising debts, selling property, etc., and, as we are informed by the briefs of their counsel, have collected $100,965.09 in cash, and paid out in dividends $79,275.28 to stockholders.

On May 9, 1900, these appellants filed their motion to revoke the appointment of the receivers, assigning as grounds therefor:

"1.   Said order was made by a judge of this court in vacation and without jurisdiction to do so.

"2.   The appointment of receivers was made without any legal grounds being shown therefor; that is to say, the said appointment was made because of what is alleged in the petition of Henry L. Gray, supervisor, etc., filed July 15, 1899, and what is said in said petition is not sufficient grounds for the appointment of receivers.

"3.   The petition does not state facts sufficient to authorize any judgment or order against the defendant or its property."

The whole force of the motion is that the order appointing the receivers should be revoked because, first, it was made in vacation, second, the showing made in the petition was not sufficient.

The motion was overruled and this appeal followed.

It will be observed that this is not an appeal from a final judgment which would bring in review the whole record, but it is under the act of April 11, 1895, authorizing an appeal from an "order refusing to revoke, modify or change an interlocutory order appointing a receiver." The theory of the motion and the contention of appellants is that there has been no final decree, that is, nothing that can be esteemed a final decree.

We do not understand the learned counsel as contending that the judge of a circuit court has no authority in vacation to appoint a receiver. That authority is expressly given in section 2193, Revised Statutes 1889, to "the court, or any judge thereof in vacation" to be exercised "whenever such appointment shall be deemed necessary." It is the conservative power of the chancellor to take into the custody of the court and preserve property in danger of waste or destruction until the conflicting claims of parties concerning it can

be adjudged in due course. The conferring upon a judge in vacation the authority to issue injunctions, appoint receivers, etc., which acts, though judicial in character, are but preliminary or collateral to the matter in suit, does not conflict with the provisions of our Constitution which vests the judiciary power of the State in certain courts exclusively. Such powers are necessary to the administration of justice in courts that have periods of terms and vacations, and have always been exercised by such judges. But the duties of a receiver appointed in vacation or before the judgment of the court touching the conflicting claims, are limited to collecting and preserving the property with only such administration as the emergency demands.

The argument of appellants, however, here is that these were not that kind of receivers, nor their duties so defined; that the order appointing them essayed, first, to dissolve the corporation and then to clothe the receivers with power to administer the estate. If the judge had no authority to render a final decree in vacation, he could not clothe the receivers with duties which only a final decree could give them; if there was no final decree, the receivers could not with safety go beyond the limit of collecting and preserving the estate and such necessary acts of administration as the immediate emergency demanded, even though the order appointing them, essayed to take upon itself the force of a final decree. The order is their warrant of authority; such an order may be valid to some extent, but may be not valid as to its whole purport, and to the extent that it is valid it is a legal warrant for what is done in pursuance of it, but not further. To the extent that the judge in vacation had jurisdiction to confer power, the power conferred was valid; to the extent, if any, that he essayed to confer power not within his jurisdiction, his act was in vain. But the motion which

we are now considering does not relate to the character of these receivers, whether temporary or permanent, or the duties with which they are claiming to be clothed, but only with the fact of their appointment. The order appointing the receivers directs that they "take charge of the property and assets and wind up the affairs of said association," etc. That the circuit judge in vacation had authority to appoint a receiver "to take charge of the property and assets," is undoubted; whether he could at that juncture commission them to "wind up the affairs of said association" is another question, and is one not compassed in this limited appeal.

The second point in the motion, that the plaintiff's petition did not state a case authorizing the appointment of a receiver, is not so free from doubt. The petition does not purport to have been drawn by a lawyer, the Attorney-General does not appear to have been consulted, and the petition is signed by the Supervisor of Building and Loan Associations in person. The intervening petition of appellants charges that the proceeding is the result of collusion, and that the petition was drawn by the attorney for the corporation who also drew and signed the corporation's answer, admitting the truth of the statements in the petition and joining in its prayer. If the fact was that the supervisor had reached the conclusion that the corporation had, possibly under a misconception of the law, been theretofore conducting its business in a manner that the more recent decisions of the appellate courts had discovered to be unlawful, and had thereby rendered its investments and loans obnoxious to the laws of usury in this and other States, so that it was in peril, and if when this matter was brought to the attention of the officers it was agreed between the supervisor and them that the corporation should cease business and go into liquidation through a proceeding in court, and if as appellants aver, the

attorney for the corporation drew the petition as well as the answer, it would be expected that the mistakes or misconduct of the officers would be stated in the very least accusatory form that could be conceived. We gather, rather vaguely it is true, from the briefs of counsel, that some such conditions existed. At all events the petition stated a case, if at all, very weakly; like an indictment which one might have drawn against himself or had his friend to draw. But the petition does carry the idea that the corporation had been conducting its business in a manner which, when viewed in the light of recent decisions of the appellate courts, destroyed public confidence in it, and jeopardized the rights of stockholders, and the supervisor pronounced it unsafe and inexpedient for the association to continue to do the business for which it was incorporated. We do not say that the petition, if challenged, as an adversary pleading, states a cause of action, or that it is sufficient foundation upon which to build a final decree; it is unnecessary for the purpose of this appeal to decide the point. But we have here the petition with its vague averments indicating an unsafe condition of the corporation and the answer of the corporation itself confessing the truth of the averments; these are presented to the circuit judge in vacation and he is asked to appoint a receiver. If under the circumstances, the learned judge, in the language of the statute "deemed it necessary," he was empowered by law to make the appointment.

Limiting our inquiry to the subject alone, which is brought up on this appeal, and not intending to give any intimation of opinion on other points discussed in the able briefs and arguments of the learned counsel, we have concluded that the circuit judge had authority to appoint the receivers when he did, and that the circumstances and showing presented a sufficient case for the exercise of a sound

discretion in the matter.    Therefore the order of the circuit court overruling the motion to revoke the appointment of the receivers is affirmed.

All concur.