CATHERINE B. STARK et al., Respondents, v. JOHN M. GRIMES, Appellant.

### St. Louis Court of Appeals, April 9, 1901.

1. **Code of Civil Procedure: RECEIVER: JURISDICTION: PRACTICE, CIVIL: STATUTORY CONSTRUCTION.** The code of civil procedure (section 753, Revised Statutes 1899) confers on the circuit court, or any judge thereof in vacation, the power to appoint a receiver whenever he shall deem such an appointment necessary for the purpose of keeping and preserving all property, etc., pending any legal or equitable proceeding, concerning the same.

2. ——: ——: ——: **DISCRETION OF COURT.** And the appointment under the provisions of this section is addressed to the sound discretion of the circuit court, or judge in vacation, and is rightfully exercised whenever it reasonably appears that the preservation of the property involved in the suit or the securing and preserving its rents and profits (if real estate), will be jeopardized; if a receiver be not appointed.

Appeal from Pike Circuit Court.—*Hon. David Henry Eby,* Judge.

AFFIRMED.

#### STATEMENT OF THE CASE.

On May 1, 1900, Nancy Grimes, the wife of John Grimes, died childless and intestate. At the time of her death, she was the sole owner of a farm and some town property valued at from eight to ten thousand dollars. In addition thereto she owned an undivided half interest in a house and lot and fourteen acres of land adjoining; her husband owning the other half. She also owned a personal estate of about two hundred dollars. John

Grimes, her husband, was appointed and qualified as administrator of her estate, and procured an order of the probate court authorizing him to take charge of and rent the real estate. Under this order he rented the farm for one year, and the town property from month to month. The respondents, mother and brother of Nancy Grimes, were her nearest surviving relatives. After renting the real estate, John Grimes brought suit against Catherine and William Stark for the partition of his wife's real estate, claiming as her widower one half for himself. After the partition suit was brought, the probate court revoked the letters of administration of Grimes; from this order Grimes undertook to appeal, but the appeal was not granted.

Catherine and William Stark filed their petition, as a collateral proceeding in the partition suit, for the appointment of a receiver to take charge of the real estate sought to be partitioned, and charging among other things, that Grimes, by virtue of a marriage contract entered into between him and his deceased wife prior to the marriage, agreed that neither should inherit property of any kind from the other; the pendency of the partition suit; that Grimes without authority had assumed control of the real estate and had rented out and collected the rents and was withholding the same from petitioners; that the petitioners were in danger of losing the rents of the property and the property in danger of being wasted.

The answer of Grimes alleged his appointment as administrator; his attempted appeal from the order revoking his letters; the fact that he was solvent and had given a bond as administrator to account for rents. Alleged that the personal estate was insufficient to pay the debts due from the estate; the fact that he had rented all the property to good tenants and was managing the real estate in a prudent and careful manner.

The evidence tended to prove that there was but twenty dollars probate against the estate. Grimes claimed that he

owned a debt of nine hundred dollars, due from the estate, evidenced by the note of his wife to himself, which had not been presented to the probate court for allowance, but for the payment of which, together with a doctor's bill (not yet presented or allowed), he was saving up the rents. The Starks had notified the tenants not to pay rent to Grimes, and Grimes had notified them not to pay rent to Starks. Most of the tenants were insolvent. No evidence of a marriage contract between Grimes and his deceased wife was offered. The judge of the probate court testified that he had made no order disallowing Grimes' appeal from the order revoking his letters of administration, but that he did not think an appeal was given by statute and his purpose was to disallow it. The court made an order appointing a receiver to take charge of and to rent the real estate, pending the partition suit. From an order refusing to revoke the order appointing a receiver, Grimes appealed.

*F. J. Duvall* and *J. D. Hostetter* for appellant.

It is conceded that a court of equity may, under a proper showing, appoint a receiver to take charge of real estate, yet this power must be exercised with care and conservatism and not recklessly or improvidently, and then only on the clearest proof of its propriety. It is a power never "exercised, where it is likely to produce irreparable injustice or injury to private rights, or where there exists any other safe or expedient remedy." 20 Am. and Eng. Ency. of Law, pp. 18-21; Smith on Receivership (2 Ed.), sec. 317, p. 549; Varnum v. Leek, 65 Iowa 751; Vaughan v. Vincent, 88 N. C. 116; Sanford v. Ballard, 33 Beav. 401. None of the grounds set out in the law books as furnishing a reason for the appointment of a receiver exists in the case at bar: first, the defendant is solvent; second, even if not solvent he made his contracts as administrator and

was rightfully collecting the rents under the orders of the probate court, and was liable for a proper accounting therefor, on his bond as administrator.    Lewis v. Carson, 93 Mo. 591; In re estate of Soulard, 141 Mo. l. c. 673.

*Ball & Sparrow* and *Pearson & Pearson* for respondents.

(1) The court, or any judge thereof in vacation, shall appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be    *    *    *    to keep and preserve all property    *    *    *    intrusted to him, pending any legal or equitable proceeding concerning the same, subject to the order of the court.    R. S. 1899, sec. 753; Cox v. Volkert, 86 Mo. 505; Greely v. Bank, 103 Mo. 212; Lover v. Inv. Co., 138 Mo. 408; 2 McQuillins Plead. & Prac., secs. 1900 and 1901. High on Receivers (1876 Ed.), ch. 14, secs. 607, 608.    The only question for this court to determine is, whether or not the trial court abused its discretion in the appointment of a receiver.    (2) There is absolutely no other way to prevent this particular ten thousand dollars worth of real estate from going to waste and destruction.    The feeling of hatred of the administrator, who is the defendant in this suit, against the plaintiffs, is so intense, that it would be the consummation of his desires. to have this valuable estate wasted and destroyed, while he holds it in court litigating for a pretended interest, only.    He admits plaintiffs' title to one-half interest in this estate, yet denies them the right to the proceeds therefrom, and has taken every step possible to prevent them from realizing anything therefrom. (3) If a court of equity can not step in and protect property in this condition, by the appointment of a receiver, we fail to discern where it would be justified in using its discretion.

BLAND, P. J.—The Code of civil procedure (section

Stark v. Grimes.

753, Revised Statutes 1899), confers on the circuit court, or any judge thereof in vacation, the power to appoint a receiver whenever he shall deem such an appointment necessary for the purpose of keeping and preserving all property, etc., pending in any *legal* or equitable proceeding, concerning the same. The appointment under the provisions of this section is addressed to the sound judgment and discretion of the circuit court, or judge in vacation, and is rightfully exercised whenever it reasonably appears that the preservation of the property involved in the suit, or the securing and preserving its rents and profits (if real estate), will be jeopardized if a receiver be not appointed. The evidence is that the payment of rent by the tenants has been held up by the parties each fearing to trust the other with their collection; that a majority of the tenants are insolvent; that there is a dispute as to the right of Grimes to rent the property or to collect the rents and of his claim of an interest in the property or its rents. In this condition of affairs, it is apparent that proper attention will not be given to the care of the property, and the probabilities are that most, if not all, of its rents and profits pending the partition suit would be lost if left to the contesting parties' care. From these considerations, we think the appointment of the receiver was eminently proper and affirm the judgment. All concur.