## BANK OF DEXTER v. STODDARD COUNTY BANK et al., Appellants.

### Division Two, May 27, 1902.

1. **Appeal:** APPOINTMENT OF RECEIVER: MOTION TO SET ASIDE: HOW PRESERVED. A motion to set aside an order appointing a receiver must be preserved in a bill of exceptions to entitle the movant to have the order reviewed in the appellate court. And if the motion is not so preserved, and the only error urged is the trial court's refusal to sustain it, the judgment will be affirmed.

2. ————: ————: ————: PRINTED COPY. If the alleged transcript contains no order of record of the filing of a motion to set aside the appointment of a receiver, nor any recital by way of narrative that it was filed, or if so, when it was filed, and there is no bill of exceptions, nor the statement of the filing of one in which said motion is preserved, a printed copy of what purports to be the motion will not entitle appellant to have the trial court's action in overruling the said motion reviewed on appeal.

3. ————: ————: EVIDENCE. A motion to have set aside an order appointing a receiver will not prove itself, but must be supported by evidence.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Robert L. Wilson* and *Andrew W. Hunt* for appellants.

*M. R. Smith* for respondent.

GANTT, J.—This is an appeal from the judgment of the circuit court of. Stoddard county, refusing to revoke and vacate an appointment of a receiver by the judge of said court in a suit pending in said court, wherein the Bank of Dexter is plaintiff and the Stoddard County Bank and H. H. Bedford are defendants. This appeal was taken at the March term, 1899, and no effort has been made in this court to have it advanced and heard out of its regular course. Without setting forth the petition in the case *in haec verba* it is sufficient to state that it avers the incorporation of the Stoddard County Bank and the Bank of Dexter; the insolvency of the Stoddard County Bank in 1892, and the transfer by said Stoddard County Bank of all its assets to the Bank of Dexter upon the condition and undertaking of the Bank of Dexter to collect the solvent notes and bills receivable so transferred, and pay the depositors and creditors of said Stoddard County Bank; the payment of said depositors, and that said Bank of Dexter was proceeding to collect all of the debts of the Stoddard County Bank when certain stockholders of the last-named bank began a suit on May 20, 1893, against the Bank of Dexter for an accounting and for a receiver; the appointment by Judge Wear of H. H. Bedford as such receiver; the pendency of said suit; the change of venue to Iron county and a final judgment dismissing said bill in the Iron Circuit Court at the October term, 1898, from which no appeal was or has been taken.

It is then averred that the Bank of Dexter paid out to the depositors or creditors of said Stoddard County Bank $21,-225.30, but had collected only $20,493.05, when the assets of said Stoddard County Bank were taken out of its hand in said stockholders' suit, and that there was still due it $1,256.77 for debts paid by it over and above the assets received; that in truth and in fact said assets by said transfer had become and were the property of the Bank of Dexter, but if the court should hold that said agreement was not an absolute sale, then it created a prior and existing lien and prayed the court to so

declare and enforce it. It then averred that said Stoddard County Bank had ceased for seven years to do business; that said assets or a part thereof were still in the hands of said Bedford by reason of the order appointing him receiver on the stockholders' suit which had been dismissed. The prayer was for an accounting and the appointment of a receiver to take charge of and collect said remaining assets and for general relief. Under this petition the court appointed L. R. Thomason, Esq., receiver, and authorized and directed him to take charge and collect said outstanding assets, etc. H. H. Bedford moved the court to set aside this appointment, which the court refused to do, and as already said, Bedford appeals from this refusal.

I. The appellant Bedford has filed a printed copy of what purports to be his motion to set aside the order appointing Thomason receiver, but the alleged transcript contains no order of record of the filing of said motion, nor any recital by way of narrative that it was filed or the term of court when it was filed. It contains no bill of exceptions, nor a statement of the filing of one in which said motion is preserved and exceptions to the action of the court in overruling it saved. A motion of this character is not a part of the record proper, any more than a motion to quash an indictment, or a motion for a new trial, or in arrest of judgment, and we have uniformly ruled that such motions must be preserved in a bill of exceptions to entitle the movant to have the order denying or overruling them reviewed in this court. [State v. Gilmore, 110 Mo. 1; Bateson v. Clark, 37 Mo. 31; Danforth v. Railroad, 123 Mo. l. c. 198; Ryan v. Growney, 125 Mo. 474.]

Even if the motion had been preserved in a proper bill of exceptions it would not prove itself, and there is nothing in the papers before us to show that any evidence was offered to support said motion.

While the statute allows an appeal from "an order refusing to revoke, modify or change an interlocutory order ap-

pointing a receiver or receivers" it nowhere dispenses with the essential prerequisite that such motion shall be made a part of the record by bill of exceptions as all other such motions are required to be. As we are forbidden to examine into the merits of a motion not in the record, and as the denial of said motion is the sole foundation of this appeal, the judgment of the circuit court must be affirmed. All concur.