ABEL WILSON, Respondent, v. JAMES HAYS et al., Appellants.

**Kansas City Court of Appeals, December 6, 1909.**

1. **CONTRACT: Sale of Real Estate: Rent: Receiver: Farm Products: Waste.** Where the plaintiff in a suit for specific performance of a contract for sale of a farm, providing that the defendant vendor should rent the land of the plaintiff vendee and pay him one-half the grain then growing on the premises for rent, it is proper to appoint a receiver for the grain on plaintiff's application where the vendor threatens to make way with and convert the grain.

2. **NOTICE: Emergency: Appointment in Vacation.** Where the defendant had notice of the application for a receiver and appeared thereto and agreed to a continuance for one week, and then before the day set began to convert the grain to his own use, the judge before whom the application was pending had authority in such emergency to appoint a receiver without further notice.

3. **MOTION TO SET ASIDE APPOINTMENT OF RECEIVER: Bill of Exceptions: Record Proper.** Where the motion to set aside the appointment of a receiver is not preserved by bill of exceptions, the appellate court can only review the record proper.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*James W. Boyd* and *James H. Hull* for appellant.

The order appointing a receiver is erroneous for many reasons, including the following: (a) This is a suit on an alleged contract of purchase of lands. The contract is denied and the defendants are in possession of the lands. The respondent cannot legally oust the defendants, and get possession of this land, by the erroneous appointment, by the judge in vacation, of a

receiver. Rees v. Andrews, 169 Mo. 189; State ex rel. v. Dearing, 184 Mo. 648; Pullis v. Pullis, 157 Mo. 565. (b) The judge in vacation has no right to oust parties from their lands, take the possession away from them and turn it over to another by the appointment of a receiver, or any other manner. And it seems absolutely certain that he cannot legally so do without notice to the parties in possession. The order appealed from was made by his honor, in vacation, without notice to defendants and without evidence and upon a petition which does not even state any legal grounds for such an order. State ex rel. v. Dearing, 184 Mo. 660; Reeves v. Andrews, 169 Mo. 189; Pullis v. Pullis, 157 Mo. 565.

*Allen, Gabbert & Mitchell* for respondent.

(1) There was no bill of exceptions filed by appellant. Therefore, the motion to revoke the order appointing the receiver is not before this court. Only the record is here. Bank v. County Bank, 169 Mo. 74; Cantwell v. Lead Co., 199 Mo. 1. (2) The order appointing receiver was providently made. R. S. 1899, sec. 753; Stark v. Grimes, 88 Mo. App. 409; State ex rel. v. Loan Ass'n, 159 Mo. 103; Miller Bros. v. Perkins, 154 Mo. 629. (3) Notice of application to appoint temporary receiver is not necessary when defendant at the time of making the application was engaged in the overt act of getting away with the property involved in a pending equity suit, as in this case. Railroad v. Wear, 135 Mo. 233.

ELLISON, J.—This appeal is from an order of court appointing a receiver for certain personal property on the application of the plaintiff.

It appears that plaintiff brought his action against defendants for specific performance of a contract for sale of a tract of farm land; that it was a part of such contract that defendants were to retain or rent the land until the first of March, 1910, and to pay plaintiff one

half the corn and wheat grown on the premises.    In
that action plaintiff prayed the appointment of a re-
ceiver.    Afterwards, while that action was pending,
and on July 12, 1909, plaintiff filed a formal petition
for the appointment of a receiver for the grain so grown
upon the premises on the ground that defendants had
failed to perform their contract and had threatened
and were threatening to convert and waste plaintiff's
part of such grain.    Both parties appeared before the
judge of the Platte Circuit Court and the matter was
continued to July 19th; but after the continuance and
before July 19th defendants began preparation to
thresh the wheat with the threat that they would make
way with or convert it.    Thereupon plaintiff, on July
16, applied, in vacation, for, and obtained the receiver
the appointment of whom is now contested.    The ap-
pointment was thus made to meet the emergency of de-
fendants attempting to "waste or convert the wheat,"
as found by the court, and to which plaintiff was enti-
tled in kind.

The appointment of a receiver may be made by the
court or judge in vacation whenever he may deem it nec-
essary for the purpose of keeping and preserving the
property.    [State ex rel. v. Loan Assn., 159 Mo. 102;
Stark v. Grimes, 88 Mo. App. 409.]

The matter of appointment of a receiver was within
the sound discretion of the court, or judge in vacation,
and it does not lie with defendants in the circumstances
of their attempting to dispose of the wheat in the week's
time intervening between the date when the application
was to be heard and the date to which it was continued,
by agreement, to say they had no notice.    They had due
notice and appeared to the application for receivership
and agreed to a continuance.    The court found that they
were proceeding to convert the property before the day
on which they agreed the application should be heard.
It is not reasonable to suppose that a court, or judge

in vacation, would be powerless to protect the property in such an emergency.

We think the petition stated a cause of action upon which the appointment of a receiver might be based, and that the record discloses ample warrant for the rulings of the court.

Whatever may have been in the case in defendants' behalf which might have been brought to the trial court's attention by way of motion to revoke the appointment of a receiver, is not before us, since no motion of that character was preserved by a bill of exceptions, and not being so preserved, it is no part of the record and cannot be noticed. [Cantwell v. Lead Co., 199 Mo. 1, 41; Bank v. Bank, 169 Mo. 74.]

A full examination of the record satisfies us that defendants' appeal is without substantial merit, and hence we affirm the judgment. All concur.