EDWARD CLIFFORD v. HUDSON COUNTY OYER AND
TERMINER.

On an application for a writ of *mandamus* to compel a Court of Oyer and'
Terminer to amend its record by inserting therein that an indictment
was tried by a *struck* jury—*Held,* that the manner in which the twelve-
jurors who tried an indictment were selected from the body of the
county forms no part of the record of the court.

On application for a *mandamus.*

Argued at February Term, 1898, before Justices DEPUE,.
VAN SYCKEL and GARRISON.

For the motion, *William D. Daly.*

The opinion of the court was delivered by

GARRISON, J. Edward Clifford was indicted for murder
and tried before the Hudson Oyer and Terminer, where he
was found guilty of murder of the first degree and sentenced
to be hung. This judgment was affirmed in this court and
in the Court of Errors and Appeals upon successive writs of.
error. Application is now made for a *mandamus* to compel
the Court of Oyer and Terminer to amend its record by in-
serting therein that the indictment was tried by a *struck* jury
and not by a petit jury—that is, that the jury was selected in
the method prescribed by the eighteenth section of the Jury
act, and not by that prescribed in the thirteenth and following
sections.

This application loses sight of the essential difference be-
tween the record of a court and the history of the trial of a
cause therein. The record of a court contains only those-
things that are essential to the validity of the proceeding,
such as the nature of the issue, the presence of a judge, and
in respect to the jury, that it was of the proper number of
proper men, properly qualified and returned by the proper

officer—a venire at common law. From this point down to the return of the verdict the record is silent. The occurrences of this interval appertain to the conduct of the trial by the court, and of these the record does not speak; they are made to appear by methods provided for that purpose at common law and by statute. Hence, all objections to the array that have not been pleaded, all inquiry into the way in which it was selected, all exceptions to the panel, all challenges to individual jurors, all questions touching the service of the list, as well as all other similar matters, form no part of the record, and would be no part of it even if inserted by the clerk from his minutes of the trial. The history of the trial in these respects could, at common law, be certified only by a bill of exceptions sealed by the trial court, which is still the rule save as the mode of certification has been modified by the legislature. This rule of practice is illustrated in the case of *Peak* v. *State*, 21 *Vroom* 179, and in *Moschell* v. *State*, 24 *Id.* 498, where a criminal cause was tried by a struck jury.

From this brief exposition it follows that the fact that the jury that tried this indictment was selected from the body of the county by the statutory method of striking a jury cannot be made a part of the record of the Court of Oyer and Terminer.

This disposes of the application for a *mandamus*, which is, for this reason, denied.