[No. 8483.]

## HARRIS ET AL. V. THOMPSON.

1. CONTRACT—*Construed.* Plaintiffs, a firm of merchants, entered into an agreement in writing with the defendant, by which they committed to his charge their stock on hand, fixtures, and book accounts, with authority to carry on the business as if it were his own, for such reasonable time as might be necessary to clear it of debt; and defendant agreed to purchase such goods, and only such, as were necessary to keep up the staple lines, not to materially increase the stock, and to advance such funds as might be necessary to discharge the firm's liabilities, a schedule of which was attached to the agreement, whenever payment should be demanded. These advances were to be repaid to him from the receipts of the business, and the collection of the accounts, and he was to be compensated for his services

by a percentage upon the moneys paid out, plus the "marked value" of the goods on hand when the firm debts were discharged, and the stock remaining on hand was ready to be restored to plaintiff. *Held* that if plaintiff paid any liability of the firm not set down in the schedule attached to the writing, such payment was without authority, and he was not entitled to reimbursement; that by the contract defendant assumed all risk of loss in its performance and was not entitled to demand anything from plaintiffs in respect of such loss. (91.)

2.  REFERENCE—*When Allowed—Account.* In the same case, plaintiffs demanding damages for alleged violations of the contract, defendant by counter claim alleged divers violations of it by plaintiffs, and demanded an account of the amount due him for advances and commissions.

*Held* that plaintiffs were entitled to a trial by jury, and that to refer the case was error; that plaintiff's action was an action at law, and that defendant, by demanding an account for which there was no necessity, inasmuch as he himself had all the data, could not convert the action into one of equitable cognizance. (92, 93.)

*Error to Weld District Court.*   Hon. NEIL F. GRAHAM, Judge.

  *Department.*

   Mr. H. N. HAYNES and Mr. WALTER E. BLISS, for plaintiffs in error.

   Mr. CHAS. E. SOUTHARD, for defendant in error.

   Opinion by Mr. Justice TELLER.

   The plaintiffs in error, co-partners in business, brought suit against the defendant in error, for damages from an alleged breach of contract. The amended complaint alleges that the plaintiffs had been conducting a large retail merchandise business, and had become embarrassed for lack of ready funds; that they needed the aid of an experienced manager, who could afford financial aid, as well, and so place their affairs on a more satisfactory basis; that the defendant offered his services and financial aid for the purposes named; that they thereupon entered into a written agreement with the defendant by which he assumed the sole management of said business; that they turned over to him all of the merchandise, book accounts, and other assets of the

firm; and that he had violated said agreement in numerous particulars specified in the complaint, including a conversion to his own use of all the property of the firm entrusted to him for the purposes of the agreement, to the plaintiffs' damage in the sum of $12,000.

This agreement, as set out in the complaint, provided that the defendant was to take possession of the stock, book accounts, and fixtures of the firm, and carry on the business as if it were his own, for such reasonable time as might be necessary to clear it of debt. He was to purchase only such goods as were necessary to keep up the staple lines, and was not materially to increase the stock. He was to advance such funds as might be required to pay the firm's listed debts as demanded, to be repaid to him out of the receipts from the business, and the collections of the book accounts. His compensation for services and for the use of his funds was to be a percentage of the money paid out, plus the "marked" value of the goods remaining on hand when the debts had been paid, and the remainder of the stock was ready to be turned back to the firm.

The answer admits the making of the contract; that defendant took possession of a part of the firm's assets; and denies that defendant failed to perform everything required of him by the contract, or that he had converted to his own use any of the firm's property entrusted to him.

For a second defense and counter claim defendant pleads the contract in the amended complaint set out, and alleges that plaintiffs did not turn over to him all the assets of the firm, the exact nature, value or amount of which he alleges he cannot state; that he cleared the stock, so far as it was encumbered by listed debts, and stood ready to dispose of the stock as by the contract provided, but that plaintiffs "failed to comply with the contract concerning appraisement of fixtures and accounts, and failed to dispose of such stock, or allow defendant so to do, or to pay defendant the

amount justly owing to him;" that he sought and found purchasers for said stock, but plaintiffs defeated all proposed deals; and that he is ready to make full accounting to plaintiffs, but that they are not willing to account to him. He prays for an accounting whereby may be determined the amounts due him as commissions under the contract, and the amounts due him for his advances.

A replication put in issue all new matter in the answer, and the affirmative allegations of the counter claim.

The court, over the objection of the plaintiff, referred all the issues of fact and law, and upon the coming in of the referee's report, approved the same, denied a motion for a new trial, and entered judgment against the plaintiffs and in favor of the defendant for $3075.02.

Counsel for plaintiffs in error assign two principal grounds for the reversal of the judgment: 1st, that a money judgment against the plaintiffs is unwarranted; and 2nd, that the court erred in ordering a reference, and thereby denying the plaintiffs a jury trial.

It conclusively appears from the record that the judgment was for a balance which the referee found due to the defendant for his services and advances under the contract, in excess of his receipts. The report makes no reference to damages accruing to defendant from acts or omissions of plaintiffs.

It is urged that the contract did not contemplate or authorize any indebtedness on the part of the plaintiffs to the defendant; and that the stock and book accounts were to provide the only fund to which defendant could resort to pay the firm's indebtedness and his advances. Counsel for defendant in error admits that it was out of the assets of the firm, and his advances that he was to pay the listed debts, and repay his advances, but, counsel says, defendant alleged that he paid debts other than those listed, and that to support the findings of the referee it must be presumed that there was evidence of such payments.

But the contract requires of the defendant such advances only as "in amount are equal to any sum which may be needed to pay said bills as shown by the list hereto attached and being a part of this contract."

If he paid debts not listed he did it without the authority of the plaintiffs so far as this record shows.

The answer admits that it was agreed that the firm's debts to be assumed by the defendant should not exceed $11,-100, and that it was thereafter determined that such debts did not exceed said sum. That, then, was the maximum amount of debts which he was required to pay, and for which he had a right to reimbursement.

The report shows that payments on the debts amounted to $10,972.62; from which it is evident that the balance now claimed was not due to overpayment of debts. It appears to be the result of a failure to realize the inventory value of the goods on hand, and of the large expense of running the business for a period of two years, which plaintiffs claim was an unreasonable time.

The contract shows that the parties considered the assets of the firm more than sufficient to pay its debts, and the expenses of running the business while so doing. The defendant, in consideration of a commission which he was to receive on the sales and the marked value of the stock and assets on hand when the debts had been paid, agreed to give his services and the use of his funds so far as might be necessary to effectuate the purpose of the contract.

Nowhere in the contract is there a suggestion of a possible liability of the plaintiffs to the defendant to accrue in the carrying out of the agreement. The defendant assumed whatever risk of loss there was in carrying out the contract, and, having been in control of the business and responsible for its success or failure, he cannot now require the other parties to bear the losses due to his management. The judgment, being for a sum representing defendant's losses suf-

fered under the above named circumstances, was without legal warrant.

We are of the opinion that the second above mentioned ground of error also is well taken.

The action was for damages for a breach of contract, and alleged conversion of goods.

The fact that the contract alleged to have been violated had to do in part with book accounts did not make the action one for an accounting. An accounting is based upon accounts between the parties to the litigation.

The plaintiffs were entitled to have determined the cause of action set out in their complaint, and to have judgment for such damages as they proved, if any.

They were not seeking anything which was due them from defendant's acts *under* the contract, to determine which he might be required to make an accounting to them.

They claimed to have suffered a loss from the defendant's acts *in violation* of the contract. This was the sole question presented by the complaint in this action.

True, in determining whether or not the defendant had conducted the business according to the terms of the contract, it might be necessary to consider a great variety of subjects, prices of goods, methods of selling, wages paid, etc., but such matters do not in such a case constitute an account.

If there was to be an accounting it would be by the defendant, when called upon to show what he had done *under* the contract. No reason appears why he should have an accounting from the plaintiffs. The defendant, by his cross-complaint, demands an accounting as to his commissions and advances. Why was an accounting on the part of plaintiffs necessary as to those subjects?

The defendant had the data concerning them, and could make his claim without help from anyone.

While the defendant might by filing a counter claim

litigate in this action any cause of action covered by the provisions of the code, he could not by simply demanding an accounting convert the cause into a suit in equity and so cut off the right to a trial by jury.

It is true, as counsel asserts, that a counter claim or a cross-bill may convert an action at law to a suit triable according to the rules of equity procedure; but this is not such a case.

The rule which he invokes applies when the answer or cross-bill sets up an equitable defense or counter claim, which if true, destroys the plaintiffs' case. This is the distinction made in *Lincoln Trust Co. v. Nathan*, 175 Mo. 32, 74 S. W. 1007, a case cited by counsel for defendant in error, and which is supported by many other cases.

In this case the right to an accounting, if it existed, would have no bearing upon plaintiffs' action for damages.

The case, therefore, was not one for a reference, and the court erred in sending it to a referee.

For the reasons above stated the judgment is reversed and the cause remanded for further proceedings in harmony herewith.

*Judgment reversed.*

GABBERT, C. J., and HILL, J., concurring.